OPINION
Defendant Wesley W. Moore appeals a judgment of the Court of Common Pleas, of Morrow County, Ohio, overruling his motion requesting he be sentenced according to new sentencing guidelines provisions of Am. Sub. Senate Bill 2. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRERD [SIC] IN DENYING THAT APPELLANT'S MOTION WHEN IT IS CLEAR THAT AN AMBIGUITY EXISTS BETWEEN STATUTES AND THAT SUCH AN AMBIGUITY MUST BE CONSTRUED STRICTLY AGAINST THE STATE AND LIBERALLY IN FAVOR OF THE DEFENDANT, WHEREBY VIOLATING THE APPELLANT'S 14TH AMENDMENT RIGHTS TO DUE PROCESS AND EQUAL PROTECTION TO THE UNITED STATE[SIC] CONSTITUTION.
The record indicates appellant was convicted of one count of arson in violation of R.C. 2909.02 and four counts of attempted murder in violation of R.C. 2903.02. Appellant was sentenced on October 4, 1990. In September of 1997, appellant moved to modify his sentence pursuant to the sentencing guidelines of Senate Bill 2, which went into effect on July 1, 1996.
Appellant cites our case of State v. Rush (July 7, 1997), Stark Appellate #96CA419, unreported, as authority for the proposition he may be resentenced under the new statutory guidelines. We disagree.
Rush, supra, stands for the proposition where the offense is committed prior to the effect date of Senate Bill 2, but the court does not sentence the defendant until after July 1, 1997, due process and equal protection require the court to use the more recent statutory sentencing guidelines.
Here, appellant was sentenced nearly seven years before the effective date of the statute. R.C. 1.58(B) provides if the penalty for any offense is reduced by a reenactment or amendment to the statute, the penalty shall be imposed according to the statute as amended unless the penalty, forfeiture, punishment has already been imposed.
We conclude the trial court did not err in overruling appellant's motion to modify his sentence. Accordingly, the assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Morrow County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, P.J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Morrow County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.